***NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

DON DAL CIELO,

       Plaintiff,  :  Civil Action No.: 12-5931 (FLW)

       v.

        :       OPINION

MARS DIRECT,

       Defendant.
_____

**WOLFSON, District Judge**:

    Plaintiff Don Dal Cielo, an insured under the health insurance policy (the "Plan") between Defendant Mars Direct ("Mars"), Plaintiff's former employer, and Aetna Insurance Company ("Aetna"), instituted this action against Mars to challenge the denial of his health benefits pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1101, *et seq.* In the instant matter, Mars moves to dismiss the Complaint for failure to exhaust administrative remedies. Based on the reasons set forth below, the Court concludes that it has no subject matter jurisdiction since Mr. Dal Cielo has not exhausted his administrative remedies as set forth in the Plan, and he has not shown futility of exhausting those remedies. The Complaint is, therefore, dismissed without prejudice.

### BACKGROUND

    Mr. Dal Cielo was employed by Mars and received health insurance benefits through an employer-based plan ("the Plan"). Compl. ¶¶ 2, 3. He worked continuously starting from 2007 through August 13, 2010, after which Mr. Dal Cielo took a leave of absence due to injuries and disabilities to his hands, neck, back, and legs. *Id.* at ¶ 2. On July 24, 2011, Mr. Dal Cielo

applied for unemployment benefits, which Mars opposed by asserting that he was terminated for gross misconduct. *Id.* at ¶ 5. In a hearing on November 14, 2011, the Department of Labor determined that Mr. Dal Cielo was entitled to full unemployment benefits and found that there was no evidence of gross misconduct. *Id.* at ¶ 6. Throughout this time period, Mr. Dal Cielo continued to make insurance payments in the amount of $107.98 per month and continued to receive health insurance benefits through the Plan. *Id.* at ¶¶ 8, 9. In addition, Mars continued to list Mr. Dal Cielo as an active employee. *Id.* at ¶¶ 4, 7.

Mr. Dal Cielo sought various medical care and treatment for his ailments, for which Aetna made payments pursuant to the Plan. *Id.* at ¶¶ 11, 13. On or about June 1, 2012, Mr. Dal Cielo received a phone call from the staff at Dr. Ingrassia-Squires' office, from whom he had received treatment, informing him that Aetna has required a return of insurance payments made to the doctor, citing Plaintiff's retroactive termination. *Id.* at ¶ 16. On June 6, 2012, Mr. Dal Cielo received correspondence from Mars, dated June 5, 2012, which indicated that his employment with Mars was terminated on July 24, 2011, and outlined his option to elect healthcare coverage through the Comprehensive Omnibus Budget Reconciliation Act ("COBRA"). *Id.* at ¶¶ 17, 21. At the time of filing this action, all of the providers from whom Mr. Dal Cielo had received care between January 1, 2012 and June 5, 2012, have contacted him requesting reimbursement of the medical bills for services rendered. *Id.* at ¶ 23.

Mr. Dal Cielo claims – in his reply papers to Defendant Mars' motion to dismiss – that he and his medical providers had placed phone calls to Aetna's representatives, but those representatives declined his request to resolve the matter. Pl.'s Opp. Memo., p. 6. He also claims to have contacted the human resource department at Mars to seek payment. *Id.*

According to Plaintiff, those requests were ignored by Mars and Aetna and, instead, Mr. Dal Cielo was directed to seek relief in court. *Id.*

Indeed, the Plan outlines a Claim Appeal Procedure. Ex. 1, at 36-39. A Level 1 appeal must be submitted by mail to Aetna, the Claim Administrator, within 180 day after the denial is received with any and all written comments, documents, records, and other information related to the claim. *Id.* at 37. Aetna then reviews the appeal and responds within 15 days for pre-service claims, and within 30 days for post-service claims. *Id.* at 38. If the Level 1 appeal is denied, the insured can then file a Level 2 appeal with Aetna within 60 days after receiving the denial, which Aetna will likewise review and determine. *Id.* at 38. If the Level 2 appeal is denied, the insured can either file a voluntary appeal with Mars in writing or elect at that time to bring a civil action in federal court under ERISA § 502(a). *Id.* at 39.

In the instant suit, it appears that Plaintiff only asserts one count in his Complaint seeking insurance payments and civil penalties under ERISA §1132(c)(1). Comp. ¶ 7. Mars moves to dismiss the Complaint because, it argues, Plaintiff failed to exhaust administrative remedies.[1]

## DISCUSSION

**I.     Standard of Review**

Defendant Mars' motion to dismiss due to Plaintiff Dal Cielo's failure to exhaust administrative remedies is governed by Rule 12(b)(1) for lack of subject matter jurisdiction. *See Raetsch v. Lucent Technologies, Inc.*, No. 05-cv-5134(PGS), 2006 WL 3068648, at *2 (D.N.J. Oct. 27, 2006). The standard of review for a Rule 12(b)(1) motion is similar to that of a Rule 12(b)(6) motion. *In re Franklin Mutual Funds Fee Litig.*, 388 F. Supp. 2d 451, 459 (D.N.J.

---

[1]     The Complaint does not appear to assert any state law claims related to his allegations. However, to the extent Plaintiff intends to bring those state law claims here, they are preempted by ERISA. In fact, Plaintiff concedes this point. *See* Pl.'s Opp. Memo., p. 4.

2005). In a Rule 12(b)(6) motion to dismiss for failure to state a claim, courts construe the complaint in the light most favorable to the plaintiff, accepting all factual allegations as true. *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). If the factual allegations "raise the right to relief above the speculative level," the court should not grant the motion. *Cohen v. Independence Blue Cross*, 820 F. Supp. 2d 594, 598 (D.N.J. 2011) (FLW) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To rule on a motion to dismiss, the court may consider the allegations of the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. *Raetsch*, 2006 WL 3068648, at *2. In an action asserting claims under ERISA, the health insurance plan document may be considered. *Id.*

## II.     Exhaustion of Administrative Remedies

Mars asserts that Mr. Dal Cielo, in failing to appeal his claim to Aetna, has not exhausted his administrative remedies, and therefore, cannot bring his claim to this Court. Def.'s Memo., p. 8. In response, Mr. Dal Cielo argues that because he is bringing a claim for breach of fiduciary duty, the exhaustion principle does not apply. Pl.'s Opp. Memo., p. 5. In the alternative, he argues that appealing to Aetna would be futile, exempting him from the exhaustion requirements. *Id.*

While ERISA does not expressly contain an exhaustion requirement, the statute requires that the covered benefit plans provide administrative remedies for those whose claims have been denied. *See* 29 U.S.C. § 1133; *Metro. Life Ins. Co. v. Price*, 501 F.3d 271, 279 (3d Cir. 2007). The Third Circuit is clear that courts will not consider a claim to recover ERISA benefits unless the plaintiff has exhausted all administrative remedies available under the terms of the covered plan. *Harrow v. Prudential Ins. Co.*, 279 F.3d 244, 249 (3d Cir. 2002). The exceptions to

ERISA's exhaustion requirement are futility, risk of irreparable harm, and denial of meaningful access to administrative procedures. *In re Zahl v. Local 641 Teamsters Welfare Fund*, No. 09-1100, 2010 WL 1931235, at *3 (D.N.J. May 13, 2010). The primary exception is futility, and here, Plaintiff attempts to invoke this exception. *Id.*

## III. Futility

In the Complaint, there is clearly no allegation that Mr. Dal Cielo sought administrative review of his request for benefits as outlined in the Plan. Rather, Mr. Dal Cielo claims that he made phone calls to Aetna and the Human Resources Department at Mars to seek payment of previously approved medical treatment. Pl.'s Opp. Memo., p. 6. According to Plaintiff, Aetna rebuffed his phone calls. *Id.* Similarly, Plaintiff complains that Mars ignored his requests and directed him to seek judicial relief. *Id.* Mr. Dal Cielo asserts that because Aetna and Mars were unresponsive to his telephone inquiries and that since Mars is now moving for dismissal, futility should be inferred from its pre-litigation conduct. *See id.* at pp. 5-6. In other words, through these actions, Plaintiff argues that Mars has demonstrated an absolute unwillingness to provide him with relief, and therefore, proceeding with the administrative procedures would be futile. *Id.* at p. 7.

Mars counters that Mr. Dal Cielo is not exempted from the exhaustion requirement because Plaintiff cannot show that any effort to exhaust his administrative remedies would be futile. Def.'s Memo., p. 8. Mars argues that the Plan provides for a multi-tier Claims Appeals procedure in which the insured – as a matter of procedure – has to appeal twice to Aetna and optionally once to Mars; Mars reasons that because Plaintiff did not seek an appeal at all with Aetna, he is precluded from seeking relief in court. *Id.* at 38-39.

With respect to exhaustion of administrative remedies, courts in the Third Circuit weigh several factors to determine whether exhaustion is excused on the grounds of futility; these include: (1) whether a plaintiff diligently pursued administrative relief; (2) whether a plaintiff acted reasonably in seeking immediate judicial review under the circumstances; (3) the existence of a fixed policy to deny benefits; (4) whether the plan administrator has complied with the plan's own internal administrative procedures; and (5) testimony of plan administrators that any administrative appeal would have been futile. *Harrow*, 279 F.3d at 250. There must be a "clear and positive showing" that any attempt to seek redress would be fruitless. *Id.* at 249. To put these factors in perspective, in *Harrow*, the Third Circuit held that this standard was not met when the plaintiffs only made a telephone call before bringing suit. *Id.* at 251-52.

Here, Mr. Dal Cielo claims to have made phone calls to Aetna and Mars, all of which were allegedly ignored. Pl.'s Opp. Memo., p. 6. However, like in *Harrow*, the initial telephonic inquiry is not equivalent to filing a claim with Aetna as required by the appeal procedures outlined in the Plan; indeed, those telephonic calls alone do not constitute a "clear and positive showing" that Mr. Dal Cielo had diligently pursued administrative relief or that he was reasonable in seeking immediate judicial review. *Id.* at 251-52. In that regard, Plaintiff has simply failed to demonstrate that he acted diligently in pursuing administrative relief or reasonably in seeking immediate judicial review. Moreover, Plaintiff has not argued, or shown, that a fixed policy to deny benefits exists or that the plan administrator has not complied with its own internal procedures. Finally, Plaintiff has not introduced any testimony from the administrator that would support his position that the administrative appeal would be futile. Accordingly, the Court finds that the futility exception to the exhaustion requirement does not apply in this case.

## IV. Breach of Fiduciary Duty

Nevertheless, Mr. Dal Cielo argues that his claim is one of breach of fiduciary duty and thus, the exhaustion principle does not apply. Pl.'s Opp. Memo., p. 8. Mars responds that Mr. Dal Cielo has not effectively pled a breach of fiduciary duty claim in his Complaint. Def.'s Memo., p.3. The Court agrees.

Indeed, a party cannot amend a complaint through the filing of a brief opposing a motion to dismiss. *Pennsylvania ex rel. Zimmerman v. Pepsico, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988). In that regard, the only material this Court will consider in construing Plaintiff's claims is the Complaint and any Plan documents. And, in the instant Complaint, nowhere does Plaintiff allege any breach of fiduciary duty against Mars under the appropriate ERISA provisions. *See* 29 U.S.C. §§ 1104, 1105 (fiduciary duties; liability for breach of co-fiduciary), nor does Plaintiff allege any facts to support such a claim. Perhaps more importantly, Plaintiff even fails to allege that Mars – as his employer – is a fiduciary, particularly since Aetna is the Plan Administrator.[2]

Accordingly, the Court finds that Plaintiff has not exhausted his administrative remedies pursuant to the Plan.

---

[2] Even assuming the breach of fiduciary duty claim were well pled, it would appear that the substance of such a claim would not be independent of Plaintiff's claim for benefits under the Plan. As pled, Mr. Dal Cielo is challenging Mars' termination of his coverage and/or benefits under the Plan; therefore, his attempt to recast these allegations as a breach of Mars' fiduciary duty – the resolution of which would ultimately be based upon an interpretation and application of the Plan – would not exempt him from exhausting his administrative remedies. *See Cohen*, 820 F. Supp. 2d at 607-08.

## CONCLUSION

For the reasons stated above, the Court concludes that the case is dismissed for lack of subject matter jurisdiction. Mr. Dal Cielo is required to exhaust the administrative remedies as set forth in the Plan before seeking relief in court. Accordingly, Defendant's motion to dismiss is granted.

DATED: January 28, 2013    /s/Freda L. Wolfson
                                                     Freda L. Wolfson, U.S.D.J.